Filed 7/12/24  P. v. Alexander CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083360 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD252994) |
| KENDOL JOHN ALEXANDER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General for Plaintiff and Respondent.

# I

## INTRODUCTION

In 2014, Kendol John Alexander was sentenced to prison for nine years for perpetrating a robbery and an attempted robbery at a beauty salon in San Diego. The sentencing court imposed and stayed a one-year prison prior enhancement under former Penal Code section 667.5, subdivision (b), for a separate robbery conviction Alexander suffered in 2010.[1]

Years later, the Legislature added section 1172.75 to the Penal Code. Section 1172.75 declares most previously imposed prison prior enhancements legally invalid (§ 1172.75, subd. (a)), and it compels trial courts both to recall the sentence of any inmate who is currently serving a term for a judgment with a now-invalid prison prior enhancement and to resentence the inmate (*id.*, subds. (c)–(d)). In the proceedings below, Alexander argued he was entitled to resentencing under section 1172.75 because he was serving time for a judgment that included a purportedly invalid—albeit stayed—prison prior enhancement. However, the trial court declined to grant any relief to Alexander. It reasoned that section 1172.75 applies only when an inmate's sentence includes a prison prior enhancement that the sentencing court imposed *and executed* (rather than imposed *and stayed*).

The Courts of Appeal are divided on whether section 1172.75 applies to an inmate when his or her sentence includes an otherwise-qualifying prison prior enhancement that was imposed and stayed, or whether it applies only when the inmate's sentence includes a prison prior enhancement that was imposed and executed. (Compare *People v. Mayberry* (2024) 102 Cal.App.5th 665 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

(*Saldana*), review granted Mar. 12, 2024, S283547 [same]; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189 [same]; and *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].)  In *Christianson*, our court determined that section 1172.75 applies where, as here, the sentencing court imposed and then stayed the prison prior enhancement at issue. (*Christianson,* at pp. 311–317.)

We adhere to the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75.  Therefore, we reverse the order denying relief to Alexander and we remand the matter to the trial court with directions to recall the sentence and conduct a full resentencing proceeding under section 1172.75, subdivisions (c) and (d).

## II

## BACKGROUND

A. *The Judgment of Conviction*

On February 3, 2014, Alexander was charged by information with second degree robbery (§ 211) and attempted robbery (§§ 211, 664).  The information alleged a prison prior enhancement (former § 667.5, subd. (b)), a serious felony prior enhancement (§ 667, subd. (a)(1)), and a strike prior (§§ 667, subds. (b)–(i), 1170.12), all arising from a previous robbery conviction Alexander suffered in 2010.

On August 14, 2014, Alexander pleaded guilty to both charges and admitted the prior conviction allegations.  On December 19, 2014, he was sentenced to an aggregate prison term of nine years, consisting of a four-year term for the robbery conviction (the low term of two years doubled due to the

strike prior), a concurrent four-year term for the attempted robbery conviction (the middle term of two years doubled due to the strike prior), and a consecutive five-year term for the serious felony prior enhancement. The sentencing court imposed and stayed execution of a one-year term for the prison prior enhancement, which it memorialized on the written abstract of judgment. Alexander appealed and our court affirmed the judgment. (*People v. Alexander* (Apr. 21, 2016, D067307) [nonpub. opn.].)

B. *The Section 1172.75 Proceedings*

After the enactment of Senate Bill No. 483 (2021–2022 Reg. Sess.), the California Department of Corrections and Rehabilitation (CDCR) identified Alexander as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75. After learning this information, the trial court appointed a public defender for Alexander and solicited briefing from the parties to determine Alexander's eligibility for a recall of his sentence and resentencing under section 1172.75, subdivision (c).

In his written briefing, Alexander argued he was entitled to a recall of his sentence and a full resentencing because he was currently serving a term of incarceration for a judgment that included a prison prior enhancement the Legislature had deemed invalid after its imposition. By contrast, the district attorney argued a recall of the sentence and a full resentencing were unwarranted because Alexander was not actually serving any additional time in prison for his stayed prison prior enhancement. The district attorney contended that section 1172.75 allows for a recall of an inmate's sentence and resentencing only when the sentencing court imposes and executes (rather than imposes and stays) a qualifying prison prior enhancement.

4

After a hearing, the trial court agreed with the district attorney and declined to grant relief to Alexander. Alexander filed a timely notice of appeal from the trial court's order denying relief.

## III

## DISCUSSION

On appeal, Alexander contends that his stayed one-year prison prior enhancement is legally invalid under section 1172.75, subdivision (a), and, therefore, the trial court erred when it declined to recall his sentence and resentence him under section 1172.75, subdivisions (c) and (d). For reasons we shall explain, we agree with Alexander.

A. *Statutory Framework*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free from custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement. Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in when the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] ... Senate Bill [No.] 136 ... to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.) To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to

5

section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.) For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75, subdivision (a), declares, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ... is legally invalid," except for certain specified prison prior enhancements based on past convictions for sexually violent offenses. (§ 1172.5, subd. (a).) Subdivision (b) compels CDCR and the county correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and to provide the person's name, birth date, and identifying case information to the court that sentenced the person. (*Id.*, subd. (b).) Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a)." (*Id.*, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Section 1172.75, subdivision (d), outlines the procedures applicable to the full resentencing proceeding. It states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing ... shall not result in a longer sentence than the one originally imposed." (§ 1172.5, subd. (d)(1).) It requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*,

6

subd. (d)(2).)  It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (*Id.*, subd. (d)(3).)

B. *Application*

The question at issue here is whether a prison prior enhancement based on a past conviction for a non-sexually violent offense is "imposed" for purposes of section 1172.75, subdivision (a), and thus legally invalid under that subdivision, when the sentencing court imposes *and then stays* the enhancement or, alternatively, whether a prison prior enhancement is "imposed" only when the court imposes *and then executes* the enhancement. This question is central to resolving the current dispute because the recall and resentencing procedures set forth in section 1172.75, subdivisions (c) and (d), apply only when an inmate is serving a term for a judgment with a sentencing enhancement described in subdivision (a)—i.e., an enhancement that was "imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 ...."  Because this question is a question of law, we apply a de novo standard of review.  (*Christianson, supra*, 97 Cal.App.5th at p. 308, 310 review granted.)

In *Christianson*, our court concluded that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous.  As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that

7

are "imposed and then *stayed*.["]  However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson, supra*, 97 Cal.App.5th at p. 311, review granted.)  Despite this apparent ambiguity, we rejected the district attorney's claim in that case—an argument the district attorney reasserts here—that the Legislature intended the word "imposed," as used in section 1172.75, to mean enhancements that were imposed *and executed.*

As we explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).'  (§ 1172.75, subd. (b), italics added.)  A judgment may include a sentence that has been imposed but suspended or stayed.  [Citation.]  Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed.  Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson, supra*, 97 Cal.App.5th at pp. 311–312, review granted; *id.* at p. 313 ["if the Legislature had intended to limit section 1172.75 only to those individuals that were currently serving an additional term based on the enhancement, it had the ability to do so"].)

We also noted that, upon receipt of the relevant information from the CDCR, the trial court must " '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).'  (§ 1172.75, subd. (c), italics added.)  At this point, the incorporation of subdivision (a) requires that

8

the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.)

Moreover, we rejected a claim from the district attorney that the resentencing procedures set forth in section 1172.75, subdivision (d), would be infeasible if we were to construe the statute as applying to stayed prison prior enhancements. (*Christianson, supra*, 97 Cal.App.5th at pp. 311–312, review granted.) Pertinent here, subdivision (d)(1), states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," unless the court finds a lesser sentence would endanger public safety. We determined that "if 'imposed' is read to include both 'imposed and executed' and 'imposed and stayed' throughout the statute, then the sentence 'originally imposed' also includes any additional terms that were imposed and stayed, and removing the stayed term from the abstract of judgment results in a 'lesser sentence than the one originally imposed.' " (*Christianson*, at p. 312.) In particular, we reasoned that when a court stays punishment, the court "retains the

9

ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated.  [Citation.]  Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Ibid.*; see also *Mayberry, supra*, 102 Cal.App.5th at pp. 674–675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," therefore, "striking them now as invalid eliminates their impact from the 'originally imposed' sentence referred to in section 1172.75, subdivision (d)(1)"]; *Saldana, supra*, 97 Cal.App.5th at p. 1278 [rejecting argument "that defendants serving sentences with stayed enhancements will not be subject to a lesser sentence … if their enhancements are stricken"], review granted.)

Finally, we observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson, supra*, 97 Cal.App.5th at p. 314, review granted.)  We noted, for example, that the resentencing procedures set forth in the statutory scheme promote this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*)  Given this legislative objective, we inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*; see also *Saldana, supra*, 97 Cal.App.5th at p. 1278, review granted [discussing the

10

Legislature's goal of retroactively reducing sentences through section 1172.75].)

In sum, we adopt the analysis and conclusions from *Christianson* as though they were set forth in full in this opinion. Applying *Christianson* here, it is apparent the trial court erred when it declined to grant relief to Alexander. The sentencing court originally imposed and stayed the prison prior enhancement at issue in 2014 for a past robbery conviction. Thus, the prison prior enhancement is legally invalid under section 1172.75, subdivision (a). Because Alexander is serving a prison term for a judgment with a legally invalid prison prior enhancement, the trial court must recall the sentence and conduct a full resentencing proceeding. (§ 1172.75, subd. (c); see *Saldana, supra*, 97 Cal.App.5th at p. 1276, review granted [" 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.' "].) During that resentencing proceeding, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

IV

DISPOSITION

The denial order is reversed and the matter is remanded to the trial court with instructions to recall the sentence and conduct a full resentencing proceeding pursuant to Penal Code section 1172.75, subdivisions (c) and (d).


McCONNELL, P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.